IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAFIC FLETCHER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3777** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 4th day of August, 2026, upon consideration of Plaintiff Shafic Fletcher's Motions to Proceed *In Forma Pauperis* (ECF No. 8, 11, 13), his Prisoner Trust Fund Account Statements (ECF No. 9, 12, 15), and his *pro se* Amended Complaints (ECF No. 7, 10, 14), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Shafic Fletcher, # QR-4275, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Mahanoy or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Fletcher's inmate account; or (b) the average monthly balance in Fletcher's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Fletcher's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited

to Fletcher's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this order to the Superintendent of SCI Mahanoy.

4. The Clerk of Court is **DIRECTED** to **ADD** the City of Philadelphia as a Defendant in this case.

5. The Amended Complaints are **DEEMED** filed.

6. The Amended Complaints are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

a. Fletcher's claims against the Philadelphia Department of Prisons are **DISMISSED WITH PREJUDICE**, and the Clerk of Court is **DIRECTED** to terminate this Defendant from the case.

b. Fletcher's excessive force claim and any other claim based on the events related to the response (or lack thereof) to the fist fight in July 2023 are **DISMISSED WITH PREJUDICE** as time barred.

c. Fletcher's remaining claims for deliberate indifference to his serious medical needs brought against the City of Philadelphia are **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with this Order.

7. Fletcher may file a second amended complaint within thirty (30) days of the date of this Order in the event he can state a timely, plausible claim against a proper defendant for deliberate indifference to his medical needs pertaining to his wrist. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the

basis for Fletcher's claims against each defendant. The second amended complaint must also provide as much identifying information for the defendants as possible. Fletcher may refer to a defendant by last name only if that is the only identifying information possessed. If Fletcher wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] The second amended complaint shall be a complete document that does not rely on any prior pleadings or papers that Fletcher filed in this case to state a claim. When drafting his second amended complaint, Fletcher should be mindful of the Court's reasons for dismissing the claims in his Amended Complaints as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Fletcher a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Fletcher may use this form to file his second amended complaint if he chooses to do so.

9. If Fletcher does not wish to amend his Complaint and instead intends to stand on his Amended Complaints as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaints," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*,

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Fletcher may file.

532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10. If Fletcher fails to file any response to this Order, the Court will conclude that Fletcher intends to stand on his Amended Complaints and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

***/s/ John M. Gallagher***

**JOHN M. GALLAGHER, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).