**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAFIC FLETCHER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3777** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**GALLAGHER, J.** **SEPTEMBER 23, 2026**

Currently before the Court is a Second Amended Complaint ("SAC") filed by Plaintiff Shafic Fletcher pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the conditions in which he was previously held within the Philadelphia Department of Prisons ("PDP"). For the following reasons, the Court will dismiss the SAC because it fails to cure the defects previously identified in Fletcher's prior pleading.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

Fletcher initiated this civil action by submitting a letter to the Court dated May 22, 2026, claiming he did not receive adequate care for a fractured wrist while incarcerated within PDP in July 2023. (*See* ECF No. 1.) The Court issued an Order informing Fletcher that to proceed on any claims, he would be obligated to file a proper complaint describing the factual basis for his claims against identified defendants in accordance with the Federal Rules of Civil Procedure, and

[1] The following factual allegations are taken from the SAC (ECF No. 33) and the public docket for this case. The SAC is the governing pleading that dictates the contours of Fletcher's claims. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)). The Court adopts the pagination supplied to Fletcher's filings by the CM/ECF docketing system.

to either pay the fees or seek leave to proceed *in forma pauperis*. (ECF No. 3.) In response, Fletcher moved to proceed *in forma pauperis* and filed three "Amended Complaints" against the City of Philadelphia and the PDP containing essentially the same subject matter. (ECF Nos. 7-15.)

The Court granted Fletcher leave to proceed *in forma pauperis* and considered the Amended Complaints "together . . . because it [was] apparent that Fletcher filed them at approximately the same time and intended them to be read together." *Fletcher v. City of Philadelphia*, No. 26-3777, 2026 WL 2244049, at *1 n.1 (E.D. Pa. Aug. 4, 2026). The gist of Fletcher's allegations was that he was subjected to excessive force in July 2023, when an officer repeatedly twisted his wrist while breaking up a fight among Fletcher and other inmates, and that he was denied "adequate medical care for his [injured] wrist over a period of over eight months . . . and then, for post-surgical care when he was reincarcerated in June 2024." *Id.* at *1-4. The Court dismissed "Fletcher's excessive force claim and any claims related to the fight [as] time barred." *Id.* at *5 (citations omitted). Fletcher's deliberate indifference to medical needs claims failed on their merits because, although Fletcher alleged "that he submitted sick call slips and wrote grievances that were ignored," he did not "provide facts addressing whom he spoke to about his medical needs, describing the content of those conversations, explaining the condition of his wrist at these times, or detailing the course of medical care, including what, if anything medical personnel told him or prescribed to him or how they otherwise responded to him." *Id.* at *4. He also did not claim that the alleged lack of care was attributable to a municipal policy or custom, as required to state a claim against the City of Philadelphia. *Id.* Fletcher was "given leave to file one comprehensive second amended complaint in the event he [could] state a timely,

plausible claim against an appropriate defendant based on the alleged deliberate indifference to his medical needs." *Id.* at *5.

Fletcher subsequently filed the pending SAC, which names the City of Philadelphia and two unidentified individuals employed within the PDP as Defendants. (SAC at 1-3, 16.) As in his prior pleadings, Fletcher alleges that in July 2023, he was involved in an altercation with another inmate, that prison guards "looked away and failed to act when another prisoner assaulted [him]," and that when one of the guards finally responded, the guard repeatedly twisted Fletcher's wrist, fracturing it. (*Id.* at 5, 12-13.) Fletcher was then handcuffed and placed in the isolation unit. (*Id.* at 13.) He alleges that he "submitted several sick calls, and reported chronic pain to staff and [filed] grievances [but] was ignored" and that he did not receive pain medication, x-rays, or other care for his wrist. (*Id.* at 7, 14, 15, 19.) Fletcher was released from custody in February 2024, and had surgery on his wrist at Penn Presbyterian Hospital that March. (*Id.* at 14.) He was reincarcerated in June 2024 "with a cast on [his] right wrist." (*Id.*) He claims he was "not transported to the hospital for follow up appointments with health services" even though he was "detained for months." (*Id.* at 14, 19.) Fletcher alleges that his wrist did not heal properly, that he had to have a second surgery in June 2025, and that he suffers from chronic pain and arthritis. (*Id.* at 14, 18.)

Fletcher brings assorted constitutional claims, including excessive force and failure to protect, based on how prison guards responded to the July 2023 fight. (*Id.* at 12-13.) He also brings claims for deliberate indifference to his serious medical needs based on the lack of care

for his wrist while he was incarcerated within the PDP. (*Id.* at 5, 20.) He seeks a declaration that his rights were violated and damages.[2] (*Id.* at 5, 17.)

## II. STANDARD OF REVIEW

Since Fletcher is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails to state a claim. The Court must determine whether the SAC contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the SAC as true, draw all reasonable inferences in Fletcher's favor, and ask only whether the SAC contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Fletcher is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Additionally, dismissal of a complaint based on the statute of limitations is appropriate at the pleading stage provided the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citation omitted).

## III. DISCUSSION

### A. Time Barred Claims

Fletcher's excessive force claim, as well as any other claims arising from the response, or lack thereof, to the July 2023 fight are time barred for the same reasons the Court previously

[2] Declaratory relief is not available for conduct that occurred in the past, so Fletcher's request for declaratory relief is improper. *See Fletcher*, 2026 WL 2244049, at *2 n.3 (citing cases).

dismissed them as time barred. *See Fletcher*, 2026 WL 2244049, at *4. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citation modified). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). A prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017) (*per curiam*). Additionally, an inmate is entitled to tolling while he exhausts administrative remedies as required by the Prison Litigation Reform Act. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015).

Fletcher's claims arising from the fight and twisting of his wrist, whether based on excessive force, failure to protect, or any other legal theory, accrued in July 2023, because that is when the fight occurred and when a prison guard allegedly subjected him to excessive force by fracturing his wrist. It follows that Fletcher knew or should have known of his injuries on this date. *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. County of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). However, Fletcher did not raise these claims until

three years later; a year beyond when the statute of limitations expired.[3] As previously noted, "[a]lthough Fletcher would be entitled to tolling while exhausting grievances, if he filed a timely grievance about excessive force (which is unclear) and it was ignored or delayed as he claims his grievances were, he would have had had the ability to pursue his claim at that time." *Fletcher*, 2026 WL 2244049, at *5 (citing *Shifflett v. Korszniak*, 934 F.3d 356, 359 & 367 (3d Cir. 2019)). Fletcher's release from incarceration for a few months—from February 2024 through June 2024—also undermines any argument for tolling. *Id.*; *see also Ahmed v. Dragovich*, 297 F.3d 201, 210 n.10 (3d Cir. 2002) (observing that a plaintiff need not exhaust administrative remedies under the PLRA once released); *see also Bradley v. Washington*, 441 F. Supp. 2d 97, 103 (D.D.C. 2006) (concluding that inmate's transfer to federal custody rendered administrative remedies at local jail unavailable). Accordingly, it is apparent from the face of the SAC that Fletcher's excessive force claim and any claims related to the fight are time barred and that there are no meritorious tolling issues. *Okey v. Eshbach*, No. 26-1269, 2026 WL 1453169, at *1 (3d Cir. May 22, 2026) (*per curiam*) ("A court may sua sponte dismiss an untimely complaint if 'it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue.'" (quoting *Vazquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009))).

**B. Deliberate Indifference to Medical Needs**

Fletcher's remaining claims are based on deliberate indifference to his medical needs, *i.e.*, the medical care he required for his fractured wrist. "To state a claim under § 1983, a

[3] To the extent Fletcher's initial letter could be considered a Complaint (*see* ECF No. 1), it does not raise the issue of excessive force or discuss the fight. Rather, these allegations first appeared in Fletcher's Amended Complaints. Even giving Fletcher the benefit of the date upon which he submitted his letter, his claims would still be time barred.

plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The personal involvement of each defendant in the alleged constitutional violation is a required element, so a plaintiff must allege how each defendant was involved in the events giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). To proceed against a municipal entity such as the City of Philadelphia under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), by specifically stating "what exactly that custom or policy was," *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009); *see also Fletcher*, 2026 WL 2244049, at *3 (describing standards for alleging municipal liability)

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a layperson would easily recognize the necessity for a

[4] This standard applies to claims brought by convicted and sentenced prisoners as well as detainees. *See Fletcher*, 2026 WL 2244049, at *3 n.6 (citing cases).

doctor's attention." *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023) (citation modified).

Deliberate indifference is properly alleged "where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, [or] (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Montanez v. Price*, 154 F.4th 127, 141 (3d Cir. 2025) (citation omitted), *cert. denied*, *Pennsylvania v. Montanez*, No. 25-1073, 2026 WL 1718015, at *1 (U.S. June 15, 2026). This standard is met when a delay or denial of medically necessary care is intended to inflict pain without medical justification or is based solely on a nonmedical reason without any effort to mitigate harm. *DiFraia v. Ransom*, 171 F.4th 622, 630 (3d Cir. 2026). In contrast, allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). Inadequate care may nevertheless give rise to a deliberate indifference claim when a defendant "act[s] with the requisite state of mind when providing that inadequate care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017).

As with his prior pleadings, Fletcher generally alleges that he did not receive medical care for his wrist during his two periods of incarceration within the PDP, but he is not specific about what care he required and when, whom he spoke to about the need for that care and when, and the circumstances surrounding those interactions in a manner that would support an inference of deliberate indifference attributable to any individual. To the contrary, Fletcher generally alleges that he required certain care, *e.g.*, x-rays, pain medication, and follow up

appointments after his surgery, but he does not provide a timeline of events, describe his requests for care with any specificity, or explain who denied what care and under what circumstances. Generally alleging that care was delayed or inadequate or claiming his unspecified requests for care were ignored does not provide enough context to state a claim for deliberate indifference.

The only interaction Fletcher identifies is that he was "seen by Nurse John/Jane Doe who told him that he/she needed to talk to a doctor before he/she could prescribe medication." (SAC at 19.) This allegation is undeveloped—for instance it is not clear when this occurred, what medications were discussed, what (if anything) the nurse did after this interaction, and whether a doctor proffered an opinion on treatment—so it does not reflect deliberate indifference. Fletcher also has not identified any policy or custom attributable to the City that allegedly caused the denial of care for his wrist. In sum, Fletcher has not stated a claim for deliberate indifference to the medical needs for his wrist because he again relies on "[g]eneralized allegations that unspecified requests for care at unspecified times were ignored." *Fletcher*, 2026 WL 2244049, at *4 (citing *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)); *Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *Muhammad v. N.J. State Prison*, No. 25-2073, 2025 WL 3002062, at *1 (3d Cir. Oct. 27, 2025) (*per curiam*) (affirming dismissal of deliberate indifference claim where plaintiff "complained that his medical care was denied and delayed for a non-medical reason; however, he did not develop those allegations in any way"); *Folk v. Prime Care Med.*, 741 F. App'x 47, 52 (3d Cir. 2018) (*per curiam*) (agreeing with appropriateness of dismissal of deliberate indifference claims that "contain[ed] no facts, only [plaintiff's]

conclusions about the appropriateness of unidentified actions at unknown times”)); *Lawson v. City of Philadelphia*, No. 22-3672, 2022 WL 17155767, at *6 (E.D. Pa. Nov. 22, 2022) (“Lawson’s allegations concerning deliberate indifference to his medical needs are undeveloped. He alleged generally that he failed to receive medical care after it was requested; however, he has not alleged that any named Defendant knew he needed medical treatment and intentionally refused, delayed, or prevented him from receiving that treatment.”).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the SAC in this case. The Court concludes that further attempts at amendment would be futile because Fletcher has not been able to cure the defects in his claims after being given an opportunity to do so. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant “already had two chances to tell his story”). An order follows, which dismisses this case.

**BY THE COURT:**

*/s/ John M. Gallagher*

**JOHN M. GALLAGHER, J.**